IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN JEROME CLAY, (2013-0820223), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 8266 |
| | ) |
| JUSTIN SMOLINSKI & VIRGINIA KIMZY, | ) |
| | ) |
| Defendants. | ) |

### ORDER

      The plaintiff's motion to proceed *in forma pauperis* [3] is stricken. The plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; the plaintiff must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action [that is, from April 20, 2014, through October 20, 2014]. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide the plaintiff with a blank i.f.p. petition along with a copy of this order.

### STATEMENT

      Pro se plaintiff John Jerome Clay, a Cook County Jail inmate, brings a civil rights suit pursuant to 42 U.S.C. § 1983 alleging wrongful arrest and malicious prosecution. The clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(d)(4) even though it was not submitted in compliance with the rules of this court. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, plaintiff has failed to include copies of his prison trust fund ledgers.

      In short, if the plaintiff wants to proceed with this lawsuit, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income

for the six months preceding the filing of this lawsuit [that is, from April 20, 2014, through October 20, 2014]. The Clerk will provide the plaintiff with a blank i.f.p. application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $400.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

ENTERED:

Dated: 10/28/14

THOMAS M. DURKIN
United States District Court Judge