## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| John Jerome Clay | ) | |
| (#B-16569), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 8266 |
| | ) | |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| Justin Smolinski, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff's Rule 60(b) motion for relief from judgment [7] is granted. The Clerk is directed to re-open the case. Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $9.20 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. On the Court's own motion, Virginia Kimzy is dismissed as a Defendant on initial review pursuant to 28 U.S.C. § 1915A. The Clerk is directed to: (1) send a copy of this order to the trust fund officer at the Lawrence Correctional Center; (2) issue summons for service on Defendant Justin Smolinski by the U.S. Marshal; and (3) mail Plaintiff a Magistrate Judge Consent Form, a blank USM-285 form, an Amended Complaint form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendants. The Court advises Plaintiff that a completed USM-285 (Marshals service) form is required for each named Defendant. The Marshal will not attempt service on the Defendant unless and until the required forms are received. Therefore, Plaintiff must complete the service form for Defendant and return that form to the Clerk of Court in care of the Prisoner Correspondent by June 30, 2015. Further, the Court finds that Plaintiff has sufficiently pleaded only a Fourth Amendment claim related to his alleged denial of a prompt probable cause hearing and a state-law claim for conversion. If Plaintiff intends to bring any additional claims for violation of his Fourth, Fifth, Sixth, or Fourteenth Amendment rights, or a state-law claim for malicious prosecution, he must submit an amended complaint that comports with the principles outlined in this order by June 30, 2015. If Plaintiff fails to submit an amended complaint by that time, the Court will assume he wishes to proceed only with his claims alleging a denial of his right to a prompt probable cause hearing and conversion of his property.

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, South Holland Police Officer Justin Smolinski and Cook County Assistant State's Attorney Virginia Kimzy, violated his constitutional rights in connection with his arrest and prosecution for car burglary.

The Court grants Plaintiff's Rule 60(b) motion for relief from judgment. While the Court had dismissed this case for Plaintiff's failure to provide a certified trust fund statement, it has come to the Court's attention that the statement was received in November, but not timely docketed. (See Dkt. No. 10.) Therefore, the motion for relief from judgment is granted.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $9.20. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments should be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and must clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, although it appears that Plaintiff is attempting to bring a number of claims related to his arrest and prosecution, the Court finds that he has sufficiently pleaded only a Fourth Amendment claim related to his alleged denial of a prompt probable cause hearing and a state-law claim for conversion. If Plaintiff intends to bring any additional claims for violation of his Fourth, Fifth, Sixth, or Fourteenth Amendment rights, he must submit an amended complaint that comports with the principles outlined in this order.

Plaintiff alleges that on Aug. 17, 2013, he was arrested by South Holland police officer Justin Smolinski after being pursued on foot by men from a car dealership, who apparently suspected Plaintiff in a car burglary.

Plaintiff was then brought back to the car dealership, where he was searched, and "the people on the lot viewed me." He was then brought to the South Holland Police Department, where Smolinski allegedly let officers from other police departments interrogate Plaintiff. Plaintiff stated that he wanted counsel present, and refused to comply with the questioning. It is not clear whether Plaintiff made any statements.

Plaintiff alleges that on Aug. 18 or Aug. 19, Smolinski and other officers forced him to participate in a lineup, although he did not consent to the procedure and requested counsel. Plaintiff alleges without further detail that the lineup was "suggestive."

Plaintiff also alleges that he was held for 72 hours at the South Holland Police Department, then taken to Cook County courthouse in Markham on Aug. 20, where "I was not afforded the opportunity to be present for bond court." Plaintiff was then transferred to the Cook County Jail, where he contends that he learned that Smolinski took his wallet, $374 in cash, his cell phone, a gold

chain, and other items that were in possession at the time of his arrest. These items were not returned.

On September 26, 2013, according to Plaintiff, Smolinski testified before a grand jury, and falsely stated that Plaintiff had been in possession of a stolen motor vehicle and a knife, and had burglarized the car dealership. In a conclusional fashion, Plaintiff alleges that Smolinski and Kimzy "conspired" to mislead the grand jurors, leading to his indictment.

To the extent that Plaintiff seeks to assert Fourth Amendment claims for false arrest and false imprisonment, or a state-law malicious prosecution claim, these claims cannot go forward because Plaintiff does not allege facts indicating that Smolinski "arrested him without probable cause." *Lawson v. Veruchi*, 637 F.3d 699, 703 (7th Cir. 2011). Similarly, a claim for malicious prosecution requires an allegation that the charges were brought without probable cause, as well as an allegation that the state court proceedings terminated in the plaintiff's favor. *See Aleman v. Vill. of Hanover Park*, 662 F.3d 897, 907 (7th Cir. 2011); *Spiegel v. Zurich Ins. Co.*, 293 Ill. App. 3d 129, 132 (Ill. App. Ct. 1997).

Here, Plaintiff contends that he was arrested for an offense he did not commit, but he does not address the issue of whether Smolinski had probable cause to arrest him. *See Shaw v. Chi. Police Dep't*, No. 12 C 7473, 2012 U.S. Dist. LEXIS 149576, at *3–*4 (N.D. Ill. Oct. 17, 2012) (Dow, J.) (holding that plaintiff bringing a false arrest claim must "give some information about the circumstances of the arrest suggesting that he was arrested without probable cause"). Although Plaintiff denies any wrongdoing, his complaint indicates that employees of the car dealership "viewed him." Probable cause exists when the facts and circumstances known to the arresting officer would lead a reasonable person to believe that the suspect committed a crime, and in making this determination a police officer may rely on information provided by a witness if the officer reasonably believes that witness to be credible. *Larsen v. Elk Grove Village*, 433 Fed. App'x 470, 473 (7th Cir. 2011) (citing *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 680 (7th Cir. 2007)). An identification by employees at the car dealership would seem to provide a basis for probable cause. In short, if Plaintiff wishes to assert a claim for false arrest, it is important to state, if Plaintiff knows, whether employees who viewed him identified him at that time (or later) as the individual who committed the crime(s). He must submit an amended complaint providing information indicating that he was arrested without probable cause.

As to the questioning of Plaintiff, it is unclear whether questioning continued after Plaintiff invoked his right to counsel. If officers continued to question Plaintiff following his invocation of his right to counsel, and if those statements were used against Plaintiff in his criminal proceedings, he may be able to assert a claim that his Fifth Amendment right to remain silent was violated. *See Aleman*, 662 F.3d at 905–06; *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1026–27 (7th Cir. 2006).

Plaintiff is advised that such a claim, however, may be barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which provides that if a judgment in favor of the plaintiff in a civil rights suit would necessarily imply the invalidity of the plaintiff's conviction or sentence, the

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. The status of the criminal charges against Plaintiff arising from this arrest are unclear, as the case was still pending when Plaintiff filed suit. It appears, however, based on the Illinois Department of Corrections inmate locator web page, that Plaintiff was convicted of possession or receipt of a stolen vehicle in two separate cases. If the Plaintiff wishes to assert a claim for violation of his Fifth Amendment rights due to continued questioning after he requested counsel, he must provide facts supporting such a claim in an amended complaint.

As to the lineup, Plaintiff contends that he requested counsel, but was refused, and was forced to participate in a "suggestive" lineup. Plaintiff's Sixth Amendment right to counsel had not attached at this point, however. *See Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (holding that the right to counsel attaches at the initiation of adversary criminal proceedings). In regard to Plaintiff's claim that the lineup was "suggestive," the procedural safeguards on lineups are meant only to protect against admission of unreliable evidence at trial and do not create a constitutional right cognizable under Section 1983. *See Hensley v. Carey*, 818 F.2d 646 (7th Cir. 1986). The Constitution does guarantee the right to a fair trial via the due process clause of the Fourteenth Amendment, but that right is violated only if the unduly suggestive identification procedure taints the trial. *See Alexander City of South Bend*, 733 F.3d 550, 555 (7th Cir. 2006). However, Plaintiff makes no such allegation in his complaint, and any such claim likely would also be *Heck*-barred.

Plaintiff's allegations that Smolinski falsely testified before the grand jury also fail to state a claim, as they are barred by absolute witness immunity. *See Curtis v. Bembenek*, 48 F.3d 281, 284-85 (7th Cir. 1995). In this regard, Plaintiff's claims against Kimzy solely concern her presentation of evidence to the grand jury. Plaintiff makes a wholly conclusional allegation that she conspired with Smolinski to present false testimony to the grand jury. However, prosecutors who act within the scope of their duties in initiating and pursuing a criminal prosecution and in presenting the state's case, as Kimzy unquestionably was doing here, are absolutely immune from a civil suit for damages under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). As such, all claims against Kimzy are dismissed.

Plaintiff may, however, proceed with a claim against Smolinski for violation of his Fourth Amendment right to " 'a prompt judicial determination of probable cause as a prerequisite to extended pretrial detention following a warrantless arrest,' " typically within 48 hours of the arrest. *Currie v. Chhabra*, 728 F.3d 626, 627 (7th Cir. 2013) (quoting *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 47 (1991)). Plaintiff alleges that he was in custody for 72 hours before he was brought to court and that he was not allowed to be present for his bond hearing. This is sufficient to state a claim for a violation of his right to a prompt probable-cause hearing.

Finally, Plaintiff contends that Smolinski took money and other personal property from him upon his arrest, and it was not returned. An unauthorized deprivation of property by a state actor does not amount to a constitutional claim as long as a post-deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 534 (1984). In this case, the remedy would be a state law claim of conversion. Because this Court has original jurisdiction over Plaintiff's Section 1983 claims, it has supplemental jurisdiction over this related state law claim, which derives from a common

nucleus of operative fact. *See* 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).

While a more fully developed record may belie Plaintiff's allegations, Defendant must respond to the complaint. Nothing in this order, which is based on a preliminary review of the complaint, precludes any legal argument that the Defendant may advance in response to the complaint.

The Court instructs the Clerk to issue summons for Smolinski forthwith. The United States Marshals Service is appointed to serve Defendants. The Court advises Plaintiff that a completed USM-285 (Marshals service) form is required for each named Defendant. The Marshal will not attempt service on the Defendant unless and until the required forms are received. Therefore, Plaintiff must complete the service form for Defendant and return that forms to the Clerk of Court in care of the Prisoner Correspondent by June 30, 2015.

The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Smolinski can no longer can be found at the work address provided by Plaintiff, the South Holland Police Department shall furnish the Marshal with Defendant's last-known address. Such information will be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Further, if Plaintiff intends to bring any additional claims for violation of his Fourth, Fifth, Sixth, or Fourteenth Amendment rights, or a state-law claim for malicious prosecution, he must submit an amended complaint that comports with the principles outlined in this order by June 30, 2015. If Plaintiff fails to submit an amended complaint by that time, the Court will assume he wishes to proceed only with his claims alleging a denial of his right to a prompt probable cause hearing and conversion of his property.

Date: June 2, 2015

_____

U.S. District Judge Joan H. Lefkow