IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN JEROME CLAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-CV-8266 ) ) |
| JUSTIN SMOLINSKI, et al., | ) ) |
| Defendants. | ) |

**DEFENDANT OFFICER SMOLINSKI'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Justin Smolinski[1] (hereinafter "Defendant"), by his attorneys Bhairav Radia and Anne K. Preston, and for his Answer and Affirmative Defenses to Plaintiff's Amended Complaint, states as follows:

1. This is an amended complaint brought Pursuant to 42 U.S.C.§ 1983 to redress violations of the Plaintiff's Constitutional Rights, and redress violations of Plaintiff's Due Process Clause of the fourteenth Amendment and liberty interests. Redress violations of Plaintiff's fifth Amendment, Redress for a Prompt Probable Cause hearing.  Redress for Property and Currancy [sic] that was confinscated [sic] by the Defendants.

**ANSWER:** Defendant admits that Plaintiff has filed an amended complaint pursuant to 42 U.S.C. §1983, but denies the remaining allegations contained in this paragraph.

2. Plaintiff John Jerome Clay seek a judgement [sic] declaring the Defendants' Conduct unconstitutional and an injunction [sic] against Defendants' unlawful Conduct as set forth on Pages 1 – 3.

---

[1] Plaintiff's amended complaint includes allegations against John Doe officers and the South Holland Police Chief. R. 33. On November 30, 2015, this Court entered an order dismissing Plaintiff's claims against the South Holland Police Chief and John Doe Officers. R. 32, p. 4. Defendant Smolinski makes no answer on behalf of the previously dismissed defendants or any unnamed or unknown John Doe officers.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the requested relief and denies the remaining allegations contained in this paragraph.

3. Americas Law Officials often intentionally violate rights of Citizens, use excessive force and fail to adhear [sic] to the very laws they swore to uphold.

**ANSWER:** Defendant denies the allegations contained in this paragraph, as they pertain to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

4. The courts and the media are full of cases that show Police brutality, official misconduct even death.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

5. The Court has jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

**ANSWER:** Defendant admits that jurisdiction is proper.

6. Plaintiff John Clay is currently incarcerated at the Lawrence Correctional Center Reg #B16569, at 10930 Lawrence Road, Sumner IL 62466. Plaintiff has a History of Mental Illness and is currently taking prescribed psychotropic medications and ask this Honorable Court to excuse mistakes, the Plaintiff does not at this point have legal representation who can fairly and adequately represent and protect the interest of the Plaintiff.

**ANSWER:** Defendant admits, upon information and belief, that Plaintiff is currently incarcerated at Lawrence Correctional Center, Inmate No. B16569, and that the inmate mailing address is 10930 Lawrence Road, Sumner, Illinois 62466. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

7. Plaintiff would also ask this Honorable Court to provide the Plaintiff with a Federal Rules and Proceedure [sic] Civil Guide Book to assist the Plaintiff properly prepare and understand

2

legal rules of the Northern District. Plaintiff have [sic] already provided a trust fund ledger informing this Honorable Court that the Plaintiff is in fact indigent.

**ANSWER:** Defendant makes no answer to the allegations contained in this paragraph as they are not directed against him.

8. Defendant Justin Smolinski is a [sic] Officer with the South Holland Police Department and brought the Plaintiff into custody of the South Holland Police Department on or about August 17th 2013 where the Plaintiff sat in the custody of the South Holland Police Dept 72 hours. Defendant and co-workers were also responsible for missing property, currancy [sic], and subjecting Plaintiff to questioning, and line-up after Plaintiff invoked his fifth amendment Right, and six amendment right.

**ANSWER:** Defendant admits that he is an officer employed by the South Holland Police Department. Answering further, Defendant admits that he took Plaintiff into custody and transported him to the South Holland Police Department on August 17, 2013. Defendant denies the remaining allegations contained in this paragraph.

9. Defendants (John Does) at the South Holland Police Department subjected the Plaintiff to false charges that were never filed via complaint or via Emergency Management

**ANSWER:** Defendant denies the allegations contained in this paragraph as they pertain to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

10. Defendant (John Doe) Chief of the South Holland Police Dept, is Responsible for ensuring that all arrestees are treated in accordance with The Constitution of the United States, and Department Rules, and to uphold the law.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

11. Defendants are sued in their official and individual capacities for violating the the Plaintiffs [sic] Civil rights while under Color of Law.

**ANSWER:** Defendant admits that he is sued in his individual capacity and that he was acting under color of law at all times relevant to Plaintiff's amended complaint, but denies the remaining allegations contained in this paragraph.

REQUEST FOR RELIEF:

WHEREFORE, Plaintiff request that this Court:

(A) Declare that the Defendants' actions and inactions are/were unlawful and unconstitutional for the reasons specified above;

(B) Order the Defendants to foward [sic] the Plaintiff all Police Reports, line up photos, including names and staff who are declared Defendants

(C) That Defendants return Plaintiffs property, wallet, Identification cards, cell phone, currency [sic] and Gold Chain.

(D) That Defendants compensate Plaintiff for being subjected to being detained at South Holland Police Department past 48 hours

(E) Award Plaintiff the costs and time, and compensatory and punitive damages for the violations of constitutional and legal Rights

(F) Award Plaintiff $10,000 for violating Plaintiffs fifth amendment Right

(G) Award Plaintiff $10,000 for violating Plaintiffs Prompt Proable [sic] cause hearing

(H) Award Plaintiff $20,000 for false charges of Buglary [sic] and possession of a Dangerious [sic] weapon.

(I) Award Plaintiff $585.00 for missing wallet, Identification cards, Gold chain, cell phone, currancy [sic] of $300+ dollars

(J) Award Plaintiff $1,000 for filing fees, legal copies, postage, Research and time and any such further relief as the court may deem Just.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the requested relief.

### Count 1
### Violation of Fifth Amendment Rights and Six Amendment Rights

Defendants took Plaintiff into the custody of the South Holland Police Department on August 17th 2013, Defendants ordered the Plaintiff to talk too unknown outside agencies, subjected

4

the Plaintiff to stand in a staged line up after the Plaintiff on several occasions pleaded fifth amendment Right, and invoked Right to counsel.

**ANSWER:** Defendant admits that he took Plaintiff into the custody and transported him to the South Holland Police Department on August 17, 2013. Defendant denies the remaining allegations contained in this paragraph.

## Count 2
## Violation of Rights to a Prompt Proable [sic] Cause Hearing

Defendants held Plaintiff for 72 hours at the South Holland Police Department which violated Plaintiffs Right to a prompt proable cause Hearing which violates Judicial determination.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

## Count 3
## False Charges Presented to the Grand Jury with Milicious [sic] Intent without Probable Cause

Defendants presented false charges to the grand Jury of Buglary [sic], and possession of a Dangerious [sic] weapon with the intent to use it on another. No probable cause was established, nor complainting [sic] witness.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

## Count 4
## Failure to Return or Forwards [sic] Property

Defendants took Plaintiff into custody, and Plaintiffs Property 1 - cell Phone, 1 – leather wallet, 1 – Gold chain, State ID – credit cards social security card; OSHA CARD, photos, keys, currancy [sic] of $300.00+ Dollars

**ANSWER:** Defendant admits that he took Plaintiff into custody, but denies the remaining allegations contained in this paragraph.

5

(1) On August 17 2013, Plaintiff was approached by Defendant Justin Smolinski, the Defendant drew his weapon and ordered the Plaintiff Hands on Defendants vehicle Defendant placed Hand cuffs on the Plaintiff, never announcing that Plaintiff was under Arrest.

**ANSWER:** Defendant admits that on August 17, 2013, Defendant drew his weapon, approached Plaintiff, and ordered Plaintiff to put his hands on Defendant's vehicle. Answering further, Defendant admits that he handcuffed Plaintiff. Defendant denies the remaining allegations contained in this paragraph.

(2) Defendant Justin Smolinski Drove the Plaintiff to a car dealership where Defendant allowed several people to view the Plaintiff, Defendant was told that Plaintiff had commited a crime of Auto theft.

**ANSWER:** Defendant admits that he drove Plaintiff to a car dealership. Defendant admits that a witness told him that Plaintiff had tried to steal a car. Defendant denies the remaining allegations contained in this paragraph.

(3) Defendant ordered Plaintiff out of the vehicle and took the Plaintiffs Personal Belongings off the Plaintiffs person, then ordered Plaintiff back in the vehicle.

**ANSWER:** Defendant admits that Plaintiff was taken out of his vehicle at the South Holland Police Department, but denies the remaining allegations contained in this paragraph.

(4) Defendants John Doe also came, and ordered Plaintiff out of the vehicle, John Doe, snatched Plaintiff out of the vehicle and searched the Plaintiff again then forcefully shoving Plaintiff back in the vehicle.

**ANSWER:** Defendant denies the allegations contained in this paragraph as they pertain to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

5) Plaintiff was taken into custody of the South Holland Police Department still not told that Plaintiff was under arrest, yet finger printed, photographed and subjected to being detained without an attorney which the plaintiff requested.

**ANSWER:** Defendant admits that Plaintiff was taken into custody and transported to the South Holland Police Department. Answering further, Defendant admits that Plaintiff was

fingerprinted, photographed, and detained at the South Holland Police Department. Defendant denies the remaining allegations contained in this paragraph.

6) Defendant John Doe #2, A unknown black male (plain clothes) official told the Plaintiff to exit the cell, when Plaintiff Inquired as to where he was being lead too [sic], Defendant John Doe #2 said (you'll see.)

**ANSWER:** Defendant denies the allegations contained in this paragraph as they pertain to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

7) Defendant told Plaintiff to enter a Room, pushing Plaintiff in a Room filled with others holding numbers, (A line up) Plaintiff was ordered to Hold #2, when the Plaintiff refused to participate and attempted to leave, the door was locked.

**ANSWER:** Defendant denies the allegations contained in this paragraph as they pertain to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

8) Plaintiff was forced to be apart [sic] of a staged line up, then taken back to the cell.

**ANSWER:** Defendant denies the allegations contained in this paragraph as they pertain to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

9) Plaintiff was then told by Defendant Justin Smolinski that alot [sic] of people wanted to talk to the Plaintiff, Plaintiff again invoked fifth amendment Rights.

**ANSWER:** Defendant admits that he may have said at some point that individuals from other agencies wanted to speak with Plaintiff, but denies the chronology alleged and denies the remaining allegations contained in this paragraph.

10. Defendant Justin Smolinski then ordered the Plaintiff out of the cell where he (the Defendant) escorted the Plaintiff into a Room where two unknown white males introduced themselves as law officials.

**ANSWER:** Defendant denies the chronology alleged. Defendant admits that on August 17, 2013, he escorted Plaintiff out of a cell to an interview room where two individuals from the Oak Lawn Police Department were. Defendant admits, upon information

and belief, that these two individuals were white males. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

11. Plaintiff told the two law officials who introduced themselves as a State Trooper, and a Detective from Oak Lawn Police Department.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

12. Plaintiff told both law officials that Plaintiff had nothing to say, Both law officials made obscene Gesters [sic], yelled and called the Plaintiff names and made threats to the Plaintiff.

**ANSWER:** Defendant denies the allegations contained in this paragraph as they pertain to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

13. Plaintiff was then taken back to the cell and was subjected to stay at South Holland Police Department and on August 20th 2013 Plaintiff was taken to Markham and transferred to the Cook County Jail and assigned Booking Number 20130820223.

**ANSWER:** Defendant admits that on August 17, 2013, he would have escorted Plaintiff back to the cell. Defendant admits, upon information and belief, that Plaintiff was taken to Markham on August 19, 2013. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was transferred to Cook County Jail and assigned booking number 20130820223. Defendant denies the remaining allegations contained in this paragraph.

14. Plaintiff was told by Public Defender Ms. Kimber Malone with the Markham Court House that Plaintiff was charged with Buglary [sic], Auto Theft, and possession of a Dangerious [sic] weapon by a felon (with the intent to use it on another).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

15. Plaintiff was given copies of the Grand Jury indictment and learned that the Defendant Justin Smolinski under oath testified before the grand Jurors that Plaintiff had commited Buglary [sic], possessed a Dangerious [sic] weapon and a Stolen Vehicle.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

16. Plaintiff did not Buglarize [sic] the dealership that the Defendant told the Grand Jurors, Plaintiff did not possess a Dangerious [sic] weapon as was told to the Grand Jury, nor was Plaintiff Actually in possession of a stolen motor vehicle.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

17. Plaintiff was subjected to false statements which altered the Jurors dual function, to Act As a sword to protect citizens from injustice, or as shield to protect the Plaintiff from false charges.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

18. Plaintiff believes based on information and facts, and belief that Defendants intentionally conspired to create false charges in order to Jam the Plaintiff on a case that was frivilious [sic].

**ANSWER:** Defendant denies that he intentionally conspired to create false charges in order to jam Plaintiff on a case that was frivolous. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

19) Defendants have no police Reports, 911 calls, or witness who can confirm the false charges of Buglary [sic] or possession of a Dangerious [sic] weapon with the intent to use it on Another, Nobody ever filed a complaint or called to report a Buglary to A CAR Dealership that was <u>open</u> for Business.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

20. Plaintiff was detained at the Cook County Jail for 16 months and plead guilty to possession of stolen motor vehicle due to lack of funds for a lawyer, mental health issues and the over exhaustion of being subjected to the treatment and conditions of Cook County Jail.

**ANSWER:** Defendant admits that Plaintiff pled guilty to possession of a stolen motor vehicle. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

21. Plaintiff was not tried nor convicted for A Burglary or possession of a Dangerious [sic] weapon with the intent to use it on another.

**ANSWER:** Defendant admits that a disposition of "nolle prosequi" was entered as to the charges of burglary and unlawful possession of a weapon by a felon. Defendant denies the remaining allegations contained in this paragraph.

WHEREFORE, Defendant, Justin Smolinski, respectfully requests this Honorable Court enter judgment in his favor and against Plaintiff, dismiss Plaintiff's Amended Complaint with costs assessed against Plaintiff, and for such other and further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. On August 17-20, 2013, Defendant Smolinski was employed as a police officer for the Village of South Holland and was acting within the course and scope of his employment at all relevant times. As a police officer, Defendant Smolinski performs discretionary functions. At all times material to the events alleged in Plaintiff's amended complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Smolinski could have believed his actions to be lawful, in light of clearly established law and the information that Defendant Smolinski possessed. Defendant Smolinski, therefore, is entitled to qualified immunity as a matter of law on Plaintiff's federal law claims brought against him pursuant to 42 U.S.C. § 1983.

2. As to Plaintiff's state law claims, under the Illinois Tort Immunity Act, Defendant Smolinski is not liable for injuries arising out of his exercise of discretionary acts. 745 ILCS 10/2-201.

3. As to Plaintiff's state law claims, Defendant Smolinski is immune from suit because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

4. As to Plaintiff's state law claims, Defendant Smolinski is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. Defendant Smolinski is not liable for Plaintiff's state law malicious prosecution claim because there was probable cause for Plaintiff's arrest and Defendant Smolinski did not act with any malice. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

6. As to Plaintiff's state law claims, Defendant Smolinski is not liable to pay punitive or exemplary damages. 745 ILCS 10/2-102.

**FED. R. 12(B)(6) DEFENSE**

1. Under the Illinois Tort Immunity Act, a one-year statute of limitations applies to tort actions against a local public entity and its employees. 745 ILCS 10/8-101. A municipality is a local public entity under the Tort Immunity Act. 745 ILCS 10/1-206. In 2013, Defendant Smolinski was an employee of the Village of South Holland, which is a municipality. Accordingly, the one-year statute of limitations applies to Plaintiff's state law claim of conversion (Count IV). Plaintiff alleges that he was arrested on August 17, 2013 and that his personal property was taken from him, but not returned or forwarded, so his state law conversion claim accrued by August 2013, and he had until August 2014 to file suit. However,

Plaintiff's complaint was received by this Court on October 20, 2014, and filed on June 2, 2015. Therefore, Plaintiff's state law conversion claim is untimely and should be dismissed.

## JURY DEMAND

Defendant demands a trial by jury.

Respectfully submitted,

**JUSTIN SMOLINSKI**

By: *s/Anne K. Preston*
Anne K. Preston, #6287125
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax:    847/291-9230
Email: apreston@okgc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN JEROME CLAY, | ) |
| Plaintiff, | ) |
| | ) Case No. 14-CV-8266 |
| v. | ) |
| JUSTIN SMOLINSKI, et al., | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2015 I electronically filed ***Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint*** with the Clerk of the Court using the CM/ECF system, and I will send notification of such filing to the following non-registered CM/ECF participant(s):

John J. Clay, B-16569
Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL 62466

via First Class Mail by placing a true and correct copy thereof in a sealed envelope, proper postage prepaid and affixed thereon and placing same in the U.S. Mail receptacle located at 650 Dundee Road, Northbrook, Illinois, at or before the hour of 5:00 p.m. on December 18, 2015.

By: *s/Anne K. Preston*
Anne K. Preston, #6287125
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax: 847/291-9230
Email: apreston@okgc.com